IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RALPH BASS et al.,** | : |
| Plaintiffs, | : |
| | : Case No.: 5:06-cv-364 (CAR) |
| v. | : |
| **CITY OF FORSYTH,** | : |
| **GEORGIA, et al.,** | : |
| Defendants. | : |

*ORDER ON DEFENDANTS' MOTION TO DISMISS*

At issue in this case is the constitutionality of a zoning ordinance and map adopted by the Mayor and City Council of Forsyth, Georgia, on September 19, 2006. The ordinance endeavors to re-zone certain property located within the City of Forsyth from "Historic Residential" to "Highway Commercial-Design." Ultimately, this change would permit the construction of a Wal-Mart SuperCenter on the property. Plaintiffs are residents of Forsyth, Georgia, who own real property adjacent to the re-zoned property. They filed the present action against the City of Forsyth, the Mayor of Forsyth, and members of the Forsyth City Council, generally complaining that the new zoning plan is unconstitutional.

Currently before the Court is Defendants' Motion to Dismiss [Doc. 8]. Through this motion, Defendants seek dismissal of Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6). Having considered the parties' briefs and the applicable law, and for the reasons discussed below, the Court concludes that the motion is due to be **GRANTED in**

1

**part and DENIED in part**.

## BACKGROUND

This case arises out of Defendants' decision to adopt a new zoning ordinance and map on September 19, 2006. However, the events leading up to this decision begin much earlier, and so, before discussing the facts surrounding September 19, 2006 zoning decision, the Court will briefly provide some relevant background information.

Plaintiffs own property along Indian Springs Drive in Forsyth, Georgia. At all times relevant to this lawsuit, Plaintiffs' property has been zoned "Historic Residential." Defendant James Pace, the Mayor of Forsyth, owns property adjacent to Plaintiffs' property, on Indian Springs Road. Mayor Pace's property is part of the parcel of property subject to the re-zoning decision at issue in this case (collectively, the "Subject Property").

In October 2005, Defendant Pace, together with the Forsyth City Council, issued a Future Land Use Plan for the City of Forsyth. According to the plan, Plaintiffs' property and a portion of the Subject Property were zoned "Historic Residential." The remaining portion of the Subject Property was zoned "Highway Commercial-Design." A short time later, plans surfaced to build a Wal-Mart SuperCenter in Forsyth, Georgia. Wal-Mart considered various sites for the SuperCenter, but ultimately settled on the Subject Property. Following Wal-Mart's decision, the owners of the subject property, including Defendant Pace, undertook efforts to re-zone their property to permit the SuperCenter's construction.

Early in 2006, the City of Forsyth commissioned Jerry Weitz & Associates, a planning and development consulting firm, to draft a new zoning ordinance and map for the city. The ordinance and map prepared by the firm purported to re-zone the Subject Property, including the

property owned by Defendant Pace, from "Historic Residential" to "Highway Commercial-Design." Plaintiffs' property, meanwhile, remained zoned as "Historic Residential."

On September 19, 2006, Defendants held a public hearing to consider whether to adopt the proposed zoning ordinance and map. Plaintiffs, represented by legal counsel, attended the hearing. During the hearing, Defendants accorded Plaintiffs' counsel ten minutes to present Plaintiffs' concerns about the proposal. In that ten minutes, Plaintiffs' counsel attempted to present data, evidence, and opinions in opposition to the proposed zoning ordinance and map. However, Defendant Pace and City Council member, Sandra Dews, repeatedly interrupted the presentation and, despite their interruptions, refused to grant Plaintiffs' counsel additional time to finish his presentation. No data, evidence, or opinions in favor of the ordinance was presented at the hearing. Following the hearing, Defendants voted to adopt the proposed zoning ordinance and map.

In response to the September 19, 2006 decision, Plaintiffs filed the present lawsuit, seeking declaratory and injunctive relief. In their Complaint, Plaintiffs claim that the adoption of the zoning ordinance and map deprived them of their rights to Substantive Due Process, Procedural Due Process, and Equal Protection, provided under the Fifth and Fourteenth Amendments to the United States Constitution and the Georgia Constitution. In addition, Plaintiffs contend that Defendants' conduct violated various aspects of Georgia Zoning Procedures Law.

*DISCUSSION*

A. "Takings" Claims

Defendants first contend that Plaintiffs' claims are essentially "takings" claims, and argue

that those claims are due to be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs, however, disavow any claims under the Takings Clause, maintaining instead that their claims arise under the Substantive Due Process, Procedural Due Process, and Equal Protection Clauses of the Fourteenth Amendment. (Pls.' Resp. Br. 3.) Plaintiffs' disavowal of any "takings" claims obviates the need to discuss such claims any further. Accordingly, Defendants' Motion to Dismiss is **DENIED AS MOOT** as to Plaintiffs' "takings" claims.

### B. Substantive Due Process Claims

Defendants next argue that Plaintiffs' substantive due process claims are subject to dismissal, both for lack of standing and for failure to state a claim. The Court will address each of these arguments in turn.

Whether a plaintiff has standing to challenge a zoning ordinance is a threshold question, which must be resolved prior to, and independent of, the merits of his or her claims. Rectory Park, L.C. v. City of Delray Beach, 208 F. Supp. 2d 1320, 1226 (S.D. Fla. 2002). Citing Georgia law, Defendants contend that Plaintiffs lack standing to assert their substantive due process claims. Defendants' citation to Georgia law is somewhat misplaced. "Standing to sue in federal courts to enforce federal rights is governed by federal law." 13A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3531.14 (2d ed. 1984). Plaintiffs' substantive due process claims arise under both the United States Constitution and the Georgia Constitution. Accordingly, Plaintiffs' standing to bring their federal substantive due process claims is governed by federal law, while their standing to bring their state substantive due process claims is governed by Georgia law. See id. ("[A]s to litigation involving state rights but commenced in

4

federal courts . . . state law ordinarily should apply.").

Defendants contend that Plaintiffs, as neighboring property owners, lack standing to challenge the zoning ordinance, since they "stand in no position any different than the general public." (Defs.' Mot. to Dismiss 10.) Defendants' arguments fail. Under both federal and Georgia law, neighboring landowners have standing to challenge zoning ordinances that affect property adjacent to their own. Rectory Park, 208 F. Supp. 2d at 1226; DeKalb County v. Wapensky, 253 Ga. 47, 49, 315 S.E.2d 873, 875; Hollberg v. Spalding County, 281 Ga. App. 768, 774, 637 S.E.2d 163, 169 (2006).

Applying federal law, courts have found adjacent landowners to satisfy the Supreme Court's three constitutional requirements for standing.[1] See Rectory Park, 208 F. Supp. 2d at 1226. Those courts have reasoned that because "[z]oning ordinances serve in large part to protect property values by regulating land use by adjoining landowners," neighboring property owners may "vindicate their own right to be free of arbitrary and irrational zoning actions" by bringing a substantive due process claim in federal court. Id. The neighboring landowners may allege an injury to themselves sufficient to confer "standing" by showing that the challenged zoning decision "will imminently harm their property values." Id. Plaintiffs' Complaint contains such an allegation, and so, Plaintiffs have pleaded sufficient "general factual allegations of injury" to overcome dismissal of their federal substantive due process claims for lack of standing. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005) ("[W]hen a question about standing is raised at the motion to dismiss stage it may be sufficient to provide general factual allegations of injury resulting from the defendant's conduct.") (internal quotation

---

[1] The three constitutional requirements for standing are: (1) injury in fact, (2) causation, and (3) redressability. See, e.g. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

marks omitted).

Even under Georgia law, the allegations in Plaintiffs' Complaint are sufficient to withstand a motion to dismiss for lack of standing. In Georgia, adjoining property owners have standing to challenge zoning decisions when they demonstrate that their "property will suffer special damage as a result of the decision complained of, rather than merely some damage which is common to all property owners similarly situated." Hollberg, 281 Ga. App. at 774. 637 S.E.2d at 169. "Loss of economic value of land may be one manifestation of damages caused by re-zoning . . . sufficient to support standing." AT&T Wireless PCS, Inc. v. Leafmore Forest Condo. Ass'n of Owners, 235 Ga. App. 319, 321, 509 S.E.2d 374, 377 (Ct. App. 1998); see also Wapensky, 253 Ga. at 49, 315 S.E.2d at 875 (explaining that "a diminution in value to a homeowner living across the road from a proposed hotel who suffers losses exceeding his neighbors" has standing to challenge the hotel's development); Hollberg, 281 Ga. App. at 774, 637 S.E.2d at 873 ("Testimony that the value of neighboring properties would be reduced, in addition to evidence of additional damages in the form of noise, odor, and visual intrusions on peace and privacy [has been] held to meet the special damage requirement [of standing]."). Because Plaintiffs allege in their Complaint that the residential and historic character of their neighborhood will be damaged by the passage of the zoning ordinance, they have pleaded sufficient facts to support their standing to sue.

Having concluded that Plaintiffs have standing under both federal and Georgia law to bring their substantive due process claims, the Court turns now to the merits of those claims. "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" Greenbriar

Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) (quoting McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)). The Eleventh Circuit has consistently held that land-use rights are not "fundamental" rights, since they are not "created by the Constitution," but instead are "created by . . . state law." Id.; see also Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005). Thus, the Eleventh Circuit has "clearly and unequivocally stated that zoning decisions cannot form the basis for a substantive due process claim, since property rights are created under state law, not the United States Constitution." M.D. Hodges Enters., Inc. v. Fulton County, Ga., 334 F. Supp. 2d 1346, 1350 (N.D. Ga. 2003) (citing Greenbriar Village, L.L.C., 345 F.3d at 1258).

An exception to this general rule arises, however, in cases "[w]here an individual's state-created rights are infringed by legislative act." Lewis, 409 F.3d at 1273. In such cases, "the substantive component of the Due Process Clause generally protects [that individual] from arbitrary and irrational action by the government." Id. (citing McKinney, 20 F.3d at 1557 n.9). "The legislative nature of the act is key"; if the act is found to be a "non-legislative" or "executive" deprivation, no substantive due process claim will lie. See id. (citing Greenbriar Village, L.L.C., 345 F.3d at 1263). Thus, to determine whether Plaintiffs' Complaint states a substantive due process claim, the Court must determine whether the passage of the zoning ordinance and map was a legislative act or an executive act.

The test for determining whether an act is legislative or executive focuses on the impact of the decision on the public: "If the act applie[s] 'to a limited number of persons,' then it is an executive decision; if it generally applies to a larger segment of—if not all of—society, then it is a legislative decision." Id. at 1274 n.1 (11th Cir. 2005) (quoting McKinney, 20 F.3d at 1557

7

n.9). Thus, for example, decisions to grant or deny zoning variances or special land-use permits have been held to be "executive" rather than "legislative" decisions for purposes of a substantive due process analysis. E.g., id. (decision to deny re-zoning of single parcel of property is executive); Greenbriar Village, L.L.C., 345 F.3d at 1263 (decision to deny land disturbance permit is executive).

As expected, Plaintiffs maintain that the adoption of the zoning ordinance and map was a legislative, rather than executive, decision. Plaintiffs' position finds some support in the relevant case law. Cf. Watson Constr. Co. v. City of Gainesville, 433 F. Supp. 2d 1269, 1279 (N.D. Fla. 2006) (stating, for purposes of a procedural due process inquiry, that "[t]he enactment of an ordinance by a municipality is an exercise of its legislative function"), aff'd in relevant part, rev'd on other grounds, No. 06-13585, 2007 WL 1745899, at *1 (11th Cir. Jun. 18, 2007). Moreover, applying the "impact" test articulated above leads to the conclusion that the decision was legislative rather than executive. The adoption of the zoning ordinance and map affected a large segment of landowners in the City of Forsyth, including Plaintiffs and the various owners of the Subject Property. Unlike a decision to re-zone the property of one landowner, or a decision to deny a land-disturbance permit, the adoption of the ordinance and map impacted more than a small number of landowners. Accordingly, because the Defendants' decision was a legislative act, Plaintiffs may challenge the arbitrariness of that decision by asserting a substantive due process claim.

Defendants argue that Plaintiffs' substantive due process claim must nevertheless fail on the merits because "zoning ordinances are entitled to a presumption of constitutionality if the validity of the zoning classification is fairly debatable." (Defs.' Resp. Br. 9.) Certainly, the

8

Court is mindful that "[f]ederal courts do not sit as zoning boards of review and should be most circumspect in determining that constitutional rights are violated in quarrels over zoning decisions." BFI Waste Sys. of N. Am. v. DeKalb County, 303 F. Supp. 2d 1335, 1349 (N.D. Ga. 2004) (quoting Spence v. Zimmerman, 873 F.2d 256, 262 (11th Cir. 1989)). Indeed, "zoning decisions, as a general rule, [are] not usually . . . found by a federal court to implicate constitutional guarantees." Greenbriar Village, L.L.C., 345 F.3d at 1262.

However, when ruling on a motion to dismiss for failure to state a claim, the focus of the inquiry is on whether, from the face of the pleadings, "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." 75 Acres, L.L.C. v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Though it may seem, based on the Eleventh Circuit's expressed "disinclination to sit as a zoning board of review," Greenbriar Village, L.L.C., 345 F.3d at 1262, that Plaintiffs' substantive due process claims have little chance of success, the Court cannot conclude that Plaintiffs can prove no set of facts in support of those claims.

To establish that a legislative act violates the substantive component of the Due Process Clause, a plaintiff must demonstrate that the legislation is "arbitrary and capricious," meaning that it "has no rational basis" and that it bears "no real or substantial relation to the public health, safety, morals, or to the general welfare." BFI Waste Sys. of N. Am., 303 F. Supp. 2d at 1349 (quoting Spence, 873 F.2d at 258); Hous. Investors v. City of Canton, Ala., 68 F. Supp. 2d 1287, 1301 (M.D. Ala. 1999); see also New Port Largo, Inc. v. Monroe County, 95 F.3d 1084, 1091 (11th Cir. 1996) ("To prove a due process violation, [a plaintiff] must show that the re-zoning was 'clearly arbitrary and unreasonable, having no substantial relation to the public health,

9

safety, morals, or general welfare."). The facts alleged in Plaintiffs' Complaint suggest that Plaintiffs may be able to prove some set of facts sufficient to establish that the adoption of the zoning ordinance and map was arbitrary and capricious. In their Complaint, Plaintiffs allege that Defendants adopted the zoning ordinance and map with no supporting evidence. They further complain that one of the decision-makers—Mayor James Pace—operated under a conflict of interest in participating in the decision. Cf. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1579 n.18 (11th Cir. 1989) ("[W]here local officials make decisions for personal reasons which can have no relationship to any legitimate governmental objective, their actions may rise to the point of unconstitutional arbitrariness.") (internal quotation marks omitted); BFI Waste Sys. of N. America, 303 F. Supp. 2d at 1351 n.15 (finding a rational basis for county's decision to deny Special Land Use Permits and noting that "[t]he record is replete with evidence that Defendants considered a wide variety of information in making their decision."). Because these facts suggest that Plaintiffs may be able to prove that Defendants' decision was arbitrary and capricious, Defendants' Motion to Dismiss is **DENIED** as to Plaintiffs' substantive due process claims.

### C. Procedural Due Process Claims

Plaintiffs additionally claim that Defendants' conduct in adopting the zoning ordinance and map violated their right to procedural due process. Having determined, however, that the decision to adopt the zoning ordinance and map was legislative, rather than an executive, Plaintiffs' procedural due process claims fail as a matter of law. When government action is legislative in nature, "property owners generally are not entitled to procedural due process." 75 Acres, LLC, 338 F.3d at 1294. "This is so because those affected by the legislative act 'have all

received procedural due process—the legislative process.'" Watson Constr. Co., 433 F. Supp. 2d at 1279 (quoting 75 Acres, LLC, 338 F.3d at 1294). "The challenge to such laws must be based on their substantive compatibility with constitutional guarantees." Id. In other words, the challenges to such laws must be based on substantive due process. Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiffs' procedural due process claims**.**

### D. Equal Protection Claim

Plaintiffs' Complaint also raises an equal protection claim. Defendants did not discuss this claim in their Motion to Dismiss, and so, this claim remains.

### E. State Law Claims

Finally, Plaintiffs's Complaint alleges state law claims arising under "Georgia's Zoning Procedures Law" (Compl. ¶¶ 63-66.) Defendants seek dismissal of those claims, arguing that Plaintiffs must first pursue and exhaust their claims in state court before bringing those claims in federal court. However, under Georgia law, such exhaustion is not required in all cases. "Where a party has exhausted or, because of the invalidity urged, need not exhaust his administrative or legal remedies, a court of equity may grant relief. Vaughan v. Duke, 131 Ga. App. 198, 200, 205 S.E.2d 499, 501 (Ct. App. 1974); see also Brock v. Hall County, 239 Ga. 160, 161, 236 S.E.2d 90, 91 (1977) ("Citizens who unsuccessfully oppose re-zoning in hearings before governing bodies may obtain judicial review of re-zoning decisions by suits in equity as there is no statutory review procedure."). Defendants have not conclusively established that the present case is one in which exhaustion in state court is a necessary prerequisite to obtaining judicial review. Accordingly, because the Court has an insufficient basis to rule on this issue at this time, Defendants' Motion to Dismiss is **DENIED** as to Plaintiffs' state law claims.

## *CONCLUSION*

For the reasons discussed above, Defendants' Motion to Dismiss [Doc. 8] is **GRANTED in part and DENIED in part**. In particular, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiffs' procedural due process claims, **DENIED** as to Plaintiffs' substantive due process, equal protection, and state law claims, and **DENIED AS MOOT** as to Plaintiffs' "takings" claims.

**SO ORDERED**. This 16th day of August, 2007.

<u>s/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

AEG/ssh