IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RALPH BASS, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:06-CV-364 (CAR) |
| **CITY OF FORSYTH, GEORGIA, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Doc. 27) in which Defendants argue they are entitled to judgment as a matter of law. For the reasons expressed herein, Defendants' Motion is DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

At issue in this case is the constitutionality of a zoning ordinance and map adopted by the Mayor and City Council of Forsyth, Georgia, on September 19, 2006. The ordinance endeavors to re-zone certain property located within the City of Forsyth from "Historic Residential" to "Highway Commercial-Design." Ultimately, this change would permit the construction of a Wal-Mart SuperCenter on the property. Plaintiffs are residents of Forsyth, Georgia, who own real property adjacent to the re-zoned property. They filed the present action against the City of Forsyth, the Mayor of Forsyth, and members of the Forsyth City Council, complaining that the new zoning plan is unconstitutional.

**II. ANALYSIS**

**A. Defendants' Motion**

Defendants present their Motion as both a Motion to Dismiss and a Motion for Summary Judgment; however, because all arguments asserted rely on evidence outside of the pleadings, analyzing Defendants' Motion as a Motion to Dismiss is inappropriate. As such the Court will only consider Defendants' arguments under the summary judgment standard.

**B. Summary Judgment Standard**

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must evaluate all evidence and any logical inferences in a light most favorable to the non-moving party. Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1560 (11th Cir. 1995).

"[T]he plain language of Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment, after adequate time and discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant carries the initial burden and must meet this burden "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325. "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary

judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The nonmoving party is then required "to go beyond the pleadings" and to present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. The nonmoving party must put forth more than a "mere 'scintilla' of evidence;" "there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Thus, under Rule 56 summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**C. Defendants' Arguments**

Although Defendants' Motion utterly fails to address the substance of Plaintiffs' claims or to present any cognizable legal authority or argument as to why Defendants are entitled to summary judgement, the Court will attempt to construe Defendants' numerous conclusory allegations as general grounds for summary judgment. It also appears that Defendants present challenges to Plaintiffs' Substantive Due Process and State Law zoning procedures claims only, therefore, Plaintiffs' Equal Protection claim will not be discussed.

First, Defendants assert Plaintiffs' constitutional claims should fail as "zoning decisions will not be found to implicate constitutional guarantees and Federal Courts are disinclined to sit as zoning boards of review." While Defendants correctly state the general trend in zoning decision cases, the Court is unable to award Defendants summary judgement based merely on a trend in court decisions. Furthermore, although the Eleventh Circuit has "clearly and unequivocally stated

3

that zoning decisions cannot form the basis for a substantive due process claim, since property rights are created under state law, not the United States Constitution," M.D. Hodges Enters., Inc. v. Fulton County, Ga., 334 F. Supp. 2d 1346, 1350 (N.D. Ga. 2003) (citing Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003)), an exception to this general rule arises in cases "[w]here an individual's state-created rights are infringed by legislative act." Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005). In such cases, "the substantive component of the Due Process Clause generally protects [that individual] from arbitrary and irrational action by the government." Id. (internal citation omitted).

Here, the Court previously determined in its August 16, 2007 Order, that the adoption of the challenged Zoning Ordinance was a legislative act rather than an executive act, and that Plaintiffs may therefore challenge the arbitrariness of that decision by asserting a substantive due process claim. As Defendants have failed to offer any evidence or present any legal arguments as to why Plaintiffs are not able to support their claim, Defendants have failed to meet their burden. Thus, Defendants' Motion for Summary Judgement with respect to Plaintiffs' Substantive Due Process claim is **DENIED**.

Second, Defendants assert that all its zoning procedures set forth in the Policies and Procedures, adopted in February of 1986, and an amendment to those procedures, adopted in October of 1996, are in accordance with Georgia zoning law. In response, Plaintiffs assert, that according to the city counsel meeting minutes submitted to this Court, the City never actually adopted standards governing the exercise of its zoning power. A review of the limited evidence submitted reveals that despite Defendants' arguments to the contrary, Plaintiffs have presented evidence from which a reasonable jury could conclude that the city counsel failed to adopt standards governing the exercise of its zoning power as required by O.C.G.A. § 36-66-5(b). As

4

such, Defendants' Motion for Summary Judgement with respect to Plaintiffs' Georgia zoning procedures claim is **DENIED**.

Finally, under the heading "Adoption of the Ordinance of September 19, 2006" Defendants state the following:

> The ordinance was properly advertised (Exhibit 8).
> The City's expert consultant, whose opinions (Exhibit 7) are uncontradicted, was relied upon by the Council.
> The Plaintiffs were allowed to be heard by Council (at least on June 6 and September 19, 2006). (See Exhibits 5 and 6)
> The City's ordinance and policies were followed (Exhibits 3 and 4).
> There is no contradictory showing to these clear facts that has been made by Plaintiffs.
> Under Rule 12(b), there has been no claim stated upon which relief can be granted. And, see Twombly.
> Under Rule 56, there are no issues of any material fact that could entitled the Plaintiffs to judgment, and the City Defendants are entitled to judgment as matter of law. And see Celotex.

(Mem. and Br. of the City Defs. In Supp. 12-13). As no further explanation or legal argument was presented, the Court is dumbfounded. With no way of ascertaining which claims Defendants are discussing or why they believe they are entitled to judgment as a matter of law, the Court is unable to analyze this apparent ground for summary judgement. Accordingly, Defendants' Motion for Summary Judgement with respect to Plaintiffs' claims regarding the adoption of the ordinance of September 19, 2006, is **DENIED**.

### III. CONCLUSION

As set forth herein, Defendants Motion to Dismiss or Alternatively for Summary Judgment (Doc. 27) is **DENIED**.

**SO ORDERED** this 11th day of March, 2008.

S/ C. Ashley Royal

                                                                             C. ASHLEY ROYAL
                                                                             United States District Judge

SCS/ssh